IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DIRECTV, INC.**,

      Plaintiff,

v.                                                     Civil No. **03-608 MCA/ACT**

**VINCE BARCLAY, CHARLES L. CHAVEZ,
RUSSELL GRANTHAM, VICTOR GUTIERREZ,
JOHN HINDI, JASON B. LAMBERT,
TRACY C. OSMENT, VIVIAN SANTISEVAN,**
and **SCOTT WHITNEY**,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING DEFENDANTS GRANTHAM,
## SANTISTEVAN, AND WHITNEY BASED ON MISJOINDER

THIS MATTER comes before the Court pursuant to the following motions: (1) *Defendant Russell Grantham's Motion to Dismiss or Sever* [Doc. No. 10]; (2) *Defendant Russell Grantham's Motion for More Definite Statement* [Doc. No. 11]; (3) *Defendant Scott Whitney's Motion to Dismiss or Sever Plaintiff's Claims for Separate Trial* [Doc. No. 24]; (4) *Defendant Vivian Santistevan's Motion to Dismiss or Sever Plaintiff's Claims for Separate Trial* [Doc. No. 70]; (5) *Defendant Vivian Santistevan's Motion to Compel Further Answers to Interrogatories, to Strike Objections to Defendant's Discovery; and for Sanctions* [Doc. No. 88]; *Defendant Vivian Santistevan's Motion to Compel Production of Documents, to Strike Objections to Defendant's Discovery; and for Sanctions* [Doc. No. 90]; *Defendant Scott Whitney's Motion to Compel Further Answers*

*to Interrogatories, to Strike Objections to Defendant's Discovery; and for Sanctions* [Doc. No. 92]; and ***Defendant Scott Whitney's Motion to Compel Production of Documents, to Strike Objections to Defendant's Discovery; and for Sanctions*** [Doc. No. 94]. Having reviewed the pleadings of record, the relevant law, and being fully advised in the premises, I find that Defendants Grantham, Santistevan, and Whitney are not properly joined under Fed. R. Civ. P. 20, and therefore the motions to dismiss [Doc. No. 10, 24, 70] filed by these Defendants are granted.[1]  In light of the dismissal of these Defendants, their other pending motions [Doc. No. 11, 88, 90, 92, 94] are denied as moot with respect to this action.

In addressing the pending motions to dismiss, I find the *Memorandum Opinion and Order* recently filed in DirecTV, Inc. v. Philip L. Banks, et al., Civ. No. 03-610 WJ/LFG (D.N.M. Jan. 20, 2004) to be persuasive authority.  Accord DirecTV, Inc. v. Frank Perez, et al., Civ. No. 03-55 KBM/LFG (D.N.M. Jan. 23, 2004).  With respect to the pending motions of Defendants Grantham, Santistevan, and Whitney, I adopt the analysis provided in that *Memorandum Opinion and Order* as follows.

The purpose of Rule 20 is to promote trial convenience, expedite the final determination of disputes, and avoid multiple lawsuits.  See 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE, § 1652 (3d ed. 2001).  Rule 20 imposes two requirements for permissive joinder of defendants.  First, there must be a right to relief asserted against the defendants in respect of, or arising out of,

---

[1] The Court will separately address whether other Defendants are misjoined in an *Order to Show Cause* filed concurrently herewith.

the same transaction or occurrence. Second, there must be a common question of law or fact with respect to all defendants that will arise in the case. Both of these requirements must be met in order to join defendants under Rule 20. Watson v. Blankinship, 20 F.3d 383, 389 (10th Cir. 1994). While the requirement of commonality is easily satisfied in most cases, the requirement of "transactional relatedness" is more difficult to assess. See 4 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 20.02[1][a] (3d ed. 2003). There is no bright-line test for transactional relatedness, and the facts of each particular case must be assessed individually to determine whether joinder is sensible. Id. at § 20.05[1]. The transactional relatedness test is not an obscure test unique to Rule 20, as it is also used to analyze cross-claims and counter-claims under Fed. R. Civ. P. 13. See Arch Mineral Corp. v. Lujan, 911 F.2d 408, 412 (10th Cir. 1990). While the language of Rule 13 and Rule 20 is not identical, the transactional relatedness requirement is analyzed in the same manner under both rules. Moore, supra, § 20.05[2]; Wright et al., supra § 1653; see also King v. Pepsi Cola Metro. Bottling Co., 86 F.R.D. 4, 5 (E.D. Pa. 1979) (analogizing the transactional relatedness requirements of Rule 13 and Rule 30). The essence of the transactional relatedness requirement is a test of logical relationship. See Fox v. Maulding, 112 F.3d 453 (10th Cir. 1997).

In the instant case, there is arguably a common question of law or fact among the various Defendants. However, there is no question that Plaintiff's right to relief with respect to Defendants Grantham, Santistevan, and Whitney is not transactionally related to the other Defendants. Plaintiff's Complaint alleges that each of these Defendants purchased a "pirate

-3-

access device" from one of several distributors or vendors of such devices, each Defendant lives in, or conducts business in, New Mexico, each Defendant's alleged order for a "pirate access device" was shipped by a vendor through the same shipping facility, and each Defendant's alleged conduct came to light through a single "raid" at a mail shipping facility. [Pl.'s Compl. ¶¶ 6, 7, 11, 15-24, 26, and 29.]

Plaintiff does not argue that these Defendants are properly joined because they all conduct business in, or live in, New Mexico. That would certainly be too tenuous, remote, and coincidental a connection to justify permissive joinder under Rule 20(a). Instead, Plaintiff argues that a sufficient relationship among Defendants is established by the fact that each Defendant engaged in the same general type of allegedly illegal conduct, that the same shipping facility was used by various vendors to ship "pirate access devices" to Defendants, and that the identity of each Defendant was discovered contemporaneously during a single raid on the shipping facility. [Pl.'s Resp. Brs., Doc. No. 17, 27, 82]. These facts do nothing to tie Defendants together in a logical relationship regarding any transaction, occurrence, or series of transactions or occurrences.

The shipment of the "pirate access devices" by the vendors is not a transaction or occurrence giving rise to Plaintiff's asserted right to relief against Defendants. Thus, the fact that certain vendors used the same shipping facility does not show the requisite logical relationship among Defendants for permissive joinder under Rule 20.

The fact that each Defendant was identified during the same "raid" similarly fails to show a sufficient relationship among Defendants to justify joinder under Rule 20. While the

raid was a single occurrence that may have given rise to Plaintiff's awareness of the identity of each Defendant, the raid itself does not give rise to any asserted right to relief.

Plaintiff contends that the transactional relationship test is met because each Defendant allegedly engaged in similar conduct. The alleged similarity of all the Defendants' conduct does not create a logical relationship among Defendants, such that permissive joinder is justified under Rule 20. Plaintiff does not allege that Defendants acted in concert or with a common plan. There is no common transaction or occurrence, or series of transactions or occurrences, logically connecting Defendants to one another. Therefore, Defendants Grantham, Santistevan, and Whitney are misjoined in this case under Fed. R. Civ. 20.

The Court next addresses whether severance or dismissal of these Defendants is the appropriate remedy for this misjoinder. In this regard, Plaintiff points out that other federal district courts addressing misjoinder of claims in similar cases have severed Defendants and created new cases for each Defendant named in an action. See Directv, Inc. v. Hurst, Civil No. 03-674-F (W.D. Okla. Aug. 8, 2003 (unpublished order) (concluding that dismissal of misjoined defendants was not appropriate and severing the claims against the various defendants); In re Cases Filed by Directv, Inc., Supplemental General Order No. 2003-23 (N.D. Ohio June 18, 2003) (unpublished order) (setting out a complex procedure to sever defendants in forty-four cases involving approximately 320 defendants).

The Court does not find these authorities from other districts to be persuasive in this instance for the following reasons. First, ordering the Clerk of Court for the District of New

Mexico to sever out numerous misjoined Defendants would place a heavy burden on the Clerk whose staff is already overburdened with a huge number of southwest border-related cases. The burden of correcting the misjoinder should properly be placed on Plaintiff, as it was Plaintiff's decision to group these Defendants together in filing this case and numerous other cases in what appears to be an attempt by Plaintiff to avoid paying court filing fees for actions against each Defendant. See Directv, Inc. v. Blahuta, No. 03 C 6287, 2003 WL 22225585 (N.D. Ill. Sept. 25, 2003) (unpublished memorandum order); Directv v. Booker, No. 03-RB-0859 (D. Colo. July 3, 2003) (unpublished order).

Additionally, the Court is not persuaded that the dismissal of individual Defendants will significantly upset the course of ongoing discovery pursuant to Judge Garcia's *Order Consolidating Cases for Pretrial Case Management Only* filed on July 23, 2003. [Doc. No. 19.] That ruling was later rescinded by a subsequent *Order* in which Judge Garcia expressly found that: "because some Defendants have been served and others have not; [and] because some Defendants have answered and others have not; the Court's efforts to effectively manage these cases as a group have been thwarted. Rather than promoting efficiency, the consolidation order has resulted in delay." [Doc. No. 85.] In this case, the Court similarly finds that the joinder or consolidation of multiple Defendants has not contributed to efficient case management.

Finally, while Rule 21 provides that "misjoinder of parties is not grounds for dismissal of an action," it does provide that "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of an action and on such terms as are

just." Here, the Court does not propose dismissal of Plaintiff's action, but rather dismissal of Defendants Grantham, Santistevan, and Whitney from this action.[2] Such a disposition is in accordance with Rule 21.

For these reasons, I will order that Defendants Grantham, Santistevan, and Whitney be dismissed from this action without prejudice. Plaintiff may refile its Complaint against each of these Defendants provided that Plaintiff files a separate Complaint and pays a separate filing fee with regard to each Defendant.

In light of these dismissals, all other pending motions filed by Defendants Grantham, Santistevan, and Whitney [Doc. No. 11, 88, 90, 92, 94] will be denied as moot at this time, subject to reconsideration of the issues raised therein in the event that Plaintiff elects to file a separate action against each Defendant.

**IT IS, THEREFORE, ORDERED** that *Defendant Russell Grantham's Motion to Dismiss or Sever* [Doc. No. 10] is **GRANTED**, and Defendant Grantham is **DISMISSED WITHOUT PREJUDICE** from this action.

**IT IS FURTHER ORDERED** that *Defendant Russell Grantham's Motion for More Definite Statement* [Doc. No. 11] is **DENIED AS MOOT** with respect to this action.

---

[2] Dismissal of all but one Defendant is being considered concurrently in the Court's *Order to Show Cause*. Defendants Chavez and Osment previously were voluntarily dismissed from this action by Plaintiff. [Doc. No. 86, 87.]

**IT IS FURTHER ORDERED** that *Defendant Scott Whitney's Motion to Dismiss or Sever Plaintiff's Claims for Separate Trial* [Doc. No. 24] is **GRANTED,** and Defendant Whitney is **DISMISSED WITHOUT PREJUDICE** from this action.

**IT IS FURTHER ORDERED** that *Defendant Vivian Santistevan's Motion to Dismiss or Sever Plaintiff's Claims for Separate Trial* [Doc. No. 70] is **GRANTED,** and Defendant Santistevan is **DISMISSED WITHOUT PREJUDICE** from this action.

**IT IS FURTHER ORDERED** that *Defendant Vivian Santistevan's Motion to Compel Further Answers to Interrogatories, to Strike Objections to Defendant's Discovery; and for Sanctions* [Doc. No. 88] is **DENIED AS MOOT** with respect to this action.

**IT IS FURTHER ORDERED** that *Defendant Vivian Santistevan's Motion to Compel Production of Documents, to Strike Objections to Defendant's Discovery; and for Sanctions* [Doc. No. 90] is **DENIED AS MOOT** with respect to this action.

**IT IS FURTHER ORDERED** that *Defendant Scott Whitney's Motion to Compel Further Answers to Interrogatories, to Strike Objections to Defendant's Discovery; and for Sanctions* [Doc. No. 92] is **DENIED AS MOOT** with respect to this action.

**IT IS FURTHER ORDERED** that *Defendant Scott Whitney's Motion to Compel Production of Documents, to Strike Objections to Defendant's Discovery; and for Sanctions* [Doc. No. 94] is **DENIED AS MOOT** with respect to this action.

**IT IS FURTHER ORDERED** that if Plaintiff elects to reassert its claims against Defendants Grantham, Santistevan, and/or Whitney by filing separate cases against them within thirty days of this Order, the newly-filed Complaints shall relate back to the date on which the original Complaint in this case was filed.

**IT IS FURTHER ORDERED** that, pending the outcome of the Court's *Order to Show Cause*, this case shall remain pending as to the other Defendants named in the *Complaint* who have not previously been voluntarily dismissed.

**IT IS FINALLY ORDERED** that the caption of this case is hereby amended as follows:

**DIRECTV, INC.**

　　**Plaintiff**

v.                                                                                          Civil No. 03-608 MCA/ACT

**VINCE BARCLAY, VICTOR GUTIERREZ,**
**JOHN HINDI,** and **JASON B. LAMBERT,**

　　**Defendants.**

**SO ORDERED**, this 23rd day of February, 2004, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
*United States District Judge*